## AYRES *v.* QUIGLEY FURNITURE CO.

*(Superior Court of New York City, General Term.* January 5, 1891.)

1. **FACTORS AND BROKERS—COMMISSIONS—ACTION.**

     Under an agreement by defendant that if plaintiff would introduce him to a person named, he would pay plaintiff a commission on all goods he might sell such person through the introduction, plaintiff may recover commissions on sales without showing that such person was willing to purchase on defendant's terms.

2. **SAME—QUESTION FOR JURY.**

     In an action for such commissions, the question whether a sale was made through the introduction, when depending on inferences from facts proved, although the evidence is uncontradicted, is a question of fact.

Appeal from trial term.

Action by Ruben B. Ayres against the Quigley Furniture Company. Plaintiff appeals from a judgment for defendant entered on a verdict directed by the court.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*J. M. Ferguson,* (*Warren Higley,* of counsel,) for appellant.	*Kernan Bros. & Quin,* (*William P. Quin,* of counsel,) for respondent.

INGRAHAM, J. The complaint alleged a special contract whereby the defendant agreed to pay to the plaintiff a commission of 5 per cent. upon any sales which the said defendant should make by reason of the introduction by the plaintiff of one Seghers to the defendant. The plaintiff, to prove this allegation, testified as follows: "I then asked him [the president of the defendant] if he would give me a commission of 5 per cent., if I would introduce him to this man, on all goods that he might sell through this introduction; he said that he would." The evidence is denied, but it was sufficient to sustain a finding of the jury that the contract, as alleged in the complaint, was made. The contract thus sued on is a special contract for the payment of a certain specified amount, for the performance of a certain specified service, and it thus differs from an employment of a broker to sell goods. In such a case the law implies an obligation upon the part of a broker to procure a purchaser ready and willing to enter into the contract upon his employer's terms, and he is not entitled to commissions until he has performed this obligation. *Wylie* v. *Bank,* 61 N. Y. 415; *Sibbald* v. *Iron Co.,* 83 N. Y. 378. In this case, however, the contract as alleged specified the service that the plaintiff was to perform. He was not to procure a purchaser ready to purchase the defendant's goods, but he was to introduce the defendant to a person named, and for that service he was to have a commission of 5 per cent. upon all goods that the defendant should sell "through this introduction." The cases cited by the respondent as to the implied obligation which a broker assumes, and which he must perform, before he is entitled to commissions, do not apply to such a contract. The plaintiff testified that he did introduce the person named to the defendant, and if the jury believed his statement they would, I think, have been justified in finding a verdict for the plaintiff for the percentage named, upon the sales through the introduction. I think, also, that the evidence would have sustained a finding of the jury that that sale, that was made afterwards to the Chadbourne Furniture Company, was made through the introduction of Seghers to the president of the defendant. Seghers, after the introduction, went to defendant's factory, examined the goods, ascertained the price of certain goods, of which a list was made, and delivered this list to the officers of the hotel company. Subsequently the same goods were purchased from the defendants by the Chadbourne Furniture Company, and resold to the hotel company. Whether or not the sale of this furniture was through this introduction depended upon inferences to be drawn from these facts; and in such a case, although the evidence be uncontradicted, the question is one of fact, and not of law, and for the determination of the jury. I think, therefore, that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.